## UNITED STATES *v.* MASON, EXECUTOR.

### APPEAL FROM THE COURT OF CLAIMS.

No. 537.   Submitted December 20, 1912.—Decided February 24, 1913.

Section 5 of the act of April 16, 1908, 35 Stat. 61, c. 145, providing for rank and pay of retired officers of the Revenue-Cutter Service *held* not to give in this case an additional step forward to a retired officer who had already been advanced one step gratuitously.

The court in this case follows the construction of the statute by the officers of the Treasury Department.

46 Ct. Cl. 393, reversed.

THE facts, which involve the construction of the act of April 16, 1908, and the amount of pay due thereunder to an officer in the Revenue-Cutter Service, are stated in the opinion.

*Mr. Assistant Attorney General John Q. Thompson* and *Mr. George M. Anderson* for the United States.

*Mr. Francis P. B. Sands* for appellee.

Memorandum opinion, by direction of the court, by MR. JUSTICE LURTON.

This is an appeal from a judgment of the Court of Claims allowing the executor of the late Captain Thomas Mason the difference between his pay as retired Junior Captain in the Revenue-Cutter Service and the pay of a Senior Captain in the same service, for the time between the passage of the act of April 16, 1908, 35 Stat. 61, c. 145, and his death, September 10, 1910.

The provision of the fifth section of the act referred to is in these words:

"That any officer of the Revenue-Cutter Service with a creditable record who served during the civil war in the land or naval forces of the United States shall, when retired, have the rank and receive three-fourths of the duty pay and increase of the next higher grade; and the provisions of this section shall apply to officers of the said service now on the retired list."

Mason had served with credit during the Civil War in the naval service of the United States. He was therefore within the provision of the section set out, and the only question is whether under that provision his advance in grade and in pay is to be made upon the grade he held when he was retired or upon the grade and pay he had when this act was approved.

He had been retired as of May 3, 1895, while holding the rank of First Lieutenant in the Revenue-Cutter Service, with one-half of the pay of a First Lieutenant on the active list, under the act of March 2, 1895, 28 Stat. 910, 920, c. 189. By the act of April 12, 1902, § 9, 32 Stat. 100, 101, c. 501, he and all other officers upon the retired or permanent waiting list, were given seventy-five per cent. of the duty pay of the rank they had when retired. By a special act of February 25, 1905, 33 Stat. 813, c. 796, he was advanced "one grade from first lieu-

tenant to that of captain," for meritorious acts while in the service of the navy and of the Revenue-Cutter Service of the United States, but with no increase in pay by the advance in grade thereby authorized.

The only trouble about the meaning of the act arises out of the exceptional fact that the decedent had after his retirement been advanced one grade in rank but without any advance in pay by reason of that advancement. The act obviously meant to provide that every Revenue-Cutter officer then on the active list should upon retirement advance one step in grade with three-fourths of the duty pay of the advanced grade. The same benefit was also extended to officers already on the retired list. But in both cases the advance in grade is to be based upon that held at the date of retirement with three-fourths of the pay of the advanced grade.

The claim that the decedent's advance in grade and pay is to be upon the grade to which he had been advanced without additional pay, is without merit. To concede it would be to conclude that Congress intended to advance him not upon the grade he had at retirement but upon the gratuitous advancement, and that Congress purposed to advance him one other step over that which he had at retirement and two steps in pay. The basis of the gratuity of Congress was the grade and pay at retirement. This was the construction placed upon the act by the Auditor of the Treasury Department and the Comptroller of the Treasury.

*Judgment reversed and case remanded with direction to dismiss the petition.*